1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10  DWIGHT MARSHON WHITE,                    )
                                            )           Case No. 2:15-cv-01587-JCM-NJK
11                        Plaintiff(s),      )
                                            )           **ORDER**
12  vs.                                      )
                                            )           (Docket No. 1)
13  CAROLYN W. COLVIN,                       )
    Acting Commissioner of Social Security, )
14                                           )
                         Defendant(s).       )
15  _____ )

16          Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, (Docket

17  No. 1), and submitted a Complaint (Docket No. 1-1).

18  **I.      Application to Proceed *In Forma Pauperis***

19          Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and

20  costs or give security for them.  Docket No. 1.  Accordingly, the request to proceed *in forma pauperis* will

21  be granted pursuant to § 1915(a).  The Court will now review Plaintiff's Complaint.

22  **II.     Screening the Complaint**

23          Proceeding *in forma pauperis* is a privilege, not a right.  *E.g., Williams v. Field*, 394 F.2d 329, 332

24  (9th Cir. 1968).  When a party seeks permission to pursue a civil case *in forma papueris*, courts will screen

25  the complaint pursuant to federal statute.  *See* 28 U.S.C. § 1915(e).  In particular, the governing statute

26  provides that courts shall dismiss a case at any time if it determines that, *inter alia*, it is frivolous or

27  malicious, or fails to state a claim on which relief may be granted.  *See id.*  A central function of this

28  screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless

1  lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v.*
2  *Williams*, 490 U.S. 319, 327 (1989).

3       In civil cases in which the plaintiff seeks to proceed *in forma pauperis*, courts require that the
4  plaintiff comply with the robust authority that complaints must provide sufficient notice of the basis of the
5  claims presented and state a claim for relief.  *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.
6  2012).  Complaints are subject to the pleading standards set out in Rule 8.  *Swierkiewicz v. Sorema N.A.*,
7  534 U.S. 506, 512 (2002).  Although Rule 8 does not require detailed factual allegations, the complaint
8  must set forth the grounds of the plaintiff's entitlement to relief and may not rest on "labels and
9  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S.
10  662, 678 (2009).  Courts must accept as true all well-pled factual allegations contained in the complaint,
11  but the same requirement does not apply to legal conclusions.  *Id.* at 679.  Mere recitals of the elements of
12  a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.  Moreover, where
13  the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should
14  be dismissed.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When a court dismisses a
15  complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as
16  to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be
17  cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  In cases in which the
18  plaintiff is proceeding *pro se*, the Court liberally construes his pleadings.  *Hebbe v. Pliler*, 627 F.3d 338,
19  342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly*
20  and *Iqbal*).

21       With respect to social security appeals specifically, the undersigned and several other judges in this
22  District have outlined some of the basic requirements for complaints to satisfy the Court's screening.  First,
23  the plaintiff must establish that he has exhausted his administrative remedies pursuant to 42 U.S.C.
24  § 405(g), and that the civil action was commenced within sixty days after notice of a final decision.
25  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint
26  must state the nature of the plaintiff's disability and when the plaintiff claims he became disabled.  Fourth,
27  the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's
28  disagreement with the determination made by the Social Security Administration and show that the plaintiff

1   is entitled to relief. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting

2   cases).

3          In this case, the Complaint fails to show that this civil action was commenced in a timely manner.

4   The Complaint indicates that the Appeals Council denied the request for review on December 4, 2014. *See*

5   Compl. at ¶ 8.  This case was filed on August 18, 2015, more than 60 days after that denial.  Plaintiff also

6   notes that his request to reopen review was denied more recently, on July 14, 2015. *See id*.  The Supreme

7   Court has long made clear that a denial of a request to reopen by the Appeals Council is not considered a

8   final, appealable order for purposes of 42 U.S.C. § 405(g). *See Califano v. Sanders*, 430 U.S. 99, 107-08

9   (1977); *see also Lee v. Soc. Sec. Admin.*, 2012 WL 911512, *2 (D. Nev. Jan. 31, 2012).  Accordingly, it

10  does not appear that the denial of the request to reopen provides a basis for the Court to find Plaintiff's

11  federal lawsuit to be timely filed.

12         The Complaint does indicate that the Appeals Council provided Plaintiff with an extension of the

13  time to file a civil action. *See* Compl. at ¶ 8.  Insufficient facts are provided, however, to show that the civil

14  action was timely filed.  The Complaint fails to attach the Appeals Council's order granting that extension

15  and fails to state the date that the Appeals Council set as the extended deadline.  As such, the Court finds

16  the Complaint has not sufficiently shown that the civil action is timely.

17         Based on the foregoing, **IT IS ORDERED** that:

18     1.    Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees

19           shall be paid if recovery is made.  At this time, Plaintiff shall not be required to pre-pay the

20           filing fee of four hundred dollars ($400.00).

21     2.    Plaintiff is permitted to maintain the action to conclusion without the necessity of

22           prepayment of any additional fees or costs or the giving of a security therefor. The Order

23           granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas

24           at government expense.

25     3.    The Clerk of Court shall file the Complaint.

26     4.    The Complaint is **DISMISSED**, with leave to amend.  Plaintiff will have until **September**

27           **18, 2015**, to file an Amended Complaint, if Plaintiff believes he can correct the noted

28           deficiency.  If Plaintiff chooses to amend the Complaint, Plaintiff is informed that the Court

3

cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint.  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.   Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Failure to comply with this Order will result in the recommended dismissal of this case.

Dated: August 18, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

4