# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DWIGHT MARSHON WHITE, | Case No. 2:15-cv-01587-JCM-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | (Docket Nos. 21, 26) |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 21. The Commissioner filed an opposition and Cross-Motion to Affirm. Docket Nos. 26, 27. Plaintiff filed a reply. Docket No. 28. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

## I.  STANDARDS

### A.  Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the

judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.     Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. 20 C.F.R. § 404.1521; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement, 20 C.F.R. § 404.1509, then a finding of disabled is made, 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; SSRs 96-4p, 96-7p. An ALJ will consider the claimant's statements regarding the intensity, persistence, and limiting effects of symptoms, and will further evaluate whether the statements are consistent with objective medical evidence and the other evidence. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

The fourth step requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R.

§ 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

## II.   BACKGROUND

### A.   Procedural History

On August 27, 2013, Plaintiff filed an application for disability insurance benefits alleging that he became disabled on August 11, 2011. *See, e.g.*, Administrative Record ("A.R.") 184-85. Plaintiff's claim was denied initially on February 13, 2014, and upon reconsideration on March 10, 2014. A.R. 140-42, 144-48. On March 12, 2014, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 149. On August 29, 2014, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Paul Coulter. *See* A.R. 33-58. On September 26, 2014, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability from August 11, 2011 through the date of the decision. A.R. 11-32.[2] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on December 4, 2014. A.R. 4-6. On July 14, 2015, the Appeals Council further denied Plaintiff's request to reopen, but granted an extension to file a civil action. A.R. 1-3. On August 18, 2015, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

### B.   The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on September 26, 2014. A.R. 11-32.[3] At step one, the ALJ found

---

[2] Plaintiff's counsel thereafter withdrew his representation. *See* A.R. 10.

[3] Because of Plaintiff's prior applications for disability, disability insurance, and supplemental security income, which resulted in an unfavorable decision, the ALJ noted that the first date Plaintiff could be considered disabled was as of January 25, 2013, the day after the prior decision. *See* A.R. 14.

that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2016, and had not engaged in substantial gainful activity since August 11, 2011. A.R. 16. At step two, the ALJ found that Plaintiff had the following severe impairments: bilateral knee degenerative joint disease, myocarditis, hypersomnolence, mild obstructive sleep apnea, hypertension, and tinnitus. A.R. 16-17. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 17-18. The ALJ found that Plaintiff had the following residual functional capacity:

> to perform a limited range of light work as defined in 20 CFR 404.1567(a) except the claimant can lift, carry, push or pull 20 pounds occasionally and 10 pounds frequently. He can stand and walk for a total of two hours out of an eight-hour workday, and he can sit for about six hours out of an eight-hour workday. Postural activities such as climbing, balancing, stooping, kneeling, crouching, crawling can be performed on an occasional basis, but the claimant cannot climb ladders, ropes, or scaffolds; and he should avoid concentrated exposure to noise; and even moderate exposure to hazards.

A.R. 18-25. At step four, the ALJ found Plaintiff unable to perform his past relevant work. A.R. 25. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 25-26. In doing so, the ALJ defined Plaintiff as a younger individual on the alleged onset date with at least a high school education, and able to communicate in English. A.R. 25. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a marker, battery inspector, and cashier II. A.R. 25-26.

Based on all of these findings, the ALJ found Plaintiff had not been disabled at any time from August 11, 2011, through the date of the decision. *See* A.R. 26.

### III. ANALYSIS AND FINDINGS

Plaintiff is appearing in this case *pro se*, and the Court liberally construes his arguments. *See, e.g.*, *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987). Plaintiff makes several arguments on appeal, including that the ALJ improperly discounted the medical opinions of Dr. Syed and Dr. Sun.

*See* Docket No. 21 at 8-9.[4] "In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability – the claimant's ability to work." *Reddick*, 157 F.3d at 725. The Ninth Circuit has developed various standards to guide the analysis of an ALJ's weighing of medical evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In particular, the Ninth Circuit distinguishes "among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). Hence, the opinion of a treating physician is generally entitled to greater weight than that of an examining physician and the opinion of an examining physician is generally entitled to greater weight than that of a non-examining physician. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1198). The weight afforded non-examining physicians' testimony depends on the degree to which they provide supporting explanations for their opinions. *Ryan*, 528 F.3d at 1201 (quoting 20 C.F.R. § 404.1527(d)(3)).

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). "When there is a conflict between the opinions of a treating physician and an examining physician, . . . the ALJ may disregard the opinion of the treating physician only if he sets forth 'specific and legitimate reasons supported by substantial evidence in the record for doing so.'" *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). "Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial

---

[4] Plaintiff raises myriad arguments in this appeal. To the extent not addressed herein, the undersigned expresses no opinion as to the other arguments raised.

evidence when it is consistent with other independent evidence in the record." *Id.* at 1149 (citing *Magallanes*, 881 F.2d at 752).

### A.     Dr. Syed

Dr. Syed is Plaintiff's knee surgeon. *See* A.R. 456. On March 14, 2014, Dr. Syed completed a physical residual functional capacity focusing on Plaintiff's bilateral knee injuries. Among other findings, Dr. Syed opined that Plaintiff was limited to lifting ten pounds frequently and ten pounds occasionally. A.R. 353. That opinion was contradicted by the opinion of Dr. Gao, an examining physician, that Plaintiff could lift up to 25 pounds. *See* A.R. 384. Accordingly, the ALJ was required to articulate specific and legitimate reasons supported by substantial evidence to support disregarding Dr. Syed's opinion.

This Court is required "to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ–not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray*, 554 F.3d at 1225. The Commissioner argues that the ALJ properly discounted Dr. Syed's opinion based on (1) a lack of supporting evidence and (2) a misunderstanding of Social Security requirements. Docket No. 26 at 13. Neither of those reasons was articulated by the ALJ. Instead, the ALJ summarized Dr. Syed's findings and then stated that he

> does not give Dr. Syed's assessments significant weight. While Dr. Syed's residual functional capacity is not significant[ly] less than the one found herein, the undersigned finds that there is no impairment which limits the claimant's lifting and carrying capacity to only 10 pounds. The undersigned also does not give great weight to Dr. Syed's comment that the claimant would require three months of convalescence leave . . .

A.R. 24.[5] As the Court reads the ALJ's decision, the only reason provided for discounting Dr. Syed's ten-pound lifting restriction is that the ALJ disagreed with that finding. There is no explanation why that is so, which is error. *See, e.g.*, *Reddick*, 157 F.3d at 725 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct"). Moreover and importantly, even were the Court to accept the Commissioner's interpretation that the ALJ rejected Dr. Syed's lifting restriction as "not consistent with any objective

---

[5] The ALJ continued that sentence and paragraph to explain that he would not give great weight to the determination of the Department of Veterans Affairs that Plaintiff is entitled to service-related disability benefits. *See* A.R. 24.

evidence of a specific impairment," Docket No. 26 at 13, that would still be an insufficiently articulated reason for rejecting the opinion of a treating physician, *see, e.g.*, *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (reasons must be sufficiently articulated by the ALJ, and generalized assertions that, *inter alia*, "medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity [the Ninth Circuit's] cases have required").

The Court similarly fails to discern that the ALJ rejected the lifting limitation found by Dr. Syed on the basis that it was premised on a faulty understanding of social security regulations. The comment referenced by the ALJ about three months' convalescence appears to be in relation to a note from Dr. Syed two months after the RFC assessment. *See* A.R. 456 (dated May 20, 2014). The fact that the ALJ did not give that letter significant weight does not show that the ALJ was rejecting the ten-pound lifting limitation in Dr. Syed's RFC assessment based on concerns of a misunderstanding of Social Security regulations.

### B. Dr. Sun

Dr. Sun is Plaintiff's physician. Dr. Sun opined that, *inter alia*, Plaintiff was limited to standing and walking less than two hours per day. A.R. 345. The ALJ rejected that limitation, however, because "the undersigned does not find that the claimant is limited to less than two hours standing and walking, and less than six hours sitting. Rather, the evidence is more consistent with the provisions identified by occupational medicine who limited the claimant to standing and walking for two hours." A.R. 25. Assuming the ALJ properly reiterated a finding by Dr. Guo, the Chief of Occupational Medicine,[6] the reason provided by the ALJ to reject this finding by Dr. Sun–that the evidence is "more consistent" with

---

[6] The Commissioner cites to A.R. 384 as the record of Dr. Guo's finding. *See* Docket No. 26 at 5, 12. Dr. Guo recommended a restriction of "No walking/standing over 20/hour." A.R. 384. It appears that Dr. Sun interpreted this statement as limiting Plaintiff to standing or walking for two hours, *see* A.R. 346, as apparently did the ALJ and the Commissioner on appeal. The Court assumes for purposes of this appeal that Dr. Guo found Plaintiff was limited to standing and/or walking for two hours.

the finding of an examining physician–is not a sufficiently detailed reason. *See, e.g.*, *Embrey*, 849 F.2d at 421.[7]

## IV. CONCLUSION

In short, the Court declines to intuit unexpressed reasons for discounting the lifting restriction opined by Dr. Syed and the sitting/standing limitation opined by Dr. Sun. While it may well be proper for the ALJ to reject those limitations, he must sufficiently explain the reason(s) for doing so. As such, the undersigned finds appropriate a remand of this case for further proceedings.[8]

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 21) be **GRANTED**, that Defendant's Cross-Motion to Affirm (Docket No. 26) be **DENIED**, and that this case be **REMANDED** for further proceedings.

IT IS SO ORDERED.

DATED: November 16, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[7] Dr. Sun also opined that Plaintiff could lift 20 pounds occasionally and 25 pounds frequently. A.R. 345. The ALJ rejected that finding as internally inconsistent. A.R. 24-25. The finding of inconsistency is supported by substantial evidence and is a proper reason for discounting a medical opinion. *See, e.g.*, *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1020 (9th Cir. 1992) (inconsistencies within a doctor's opinion constituted specific and legitimate reasons for rejecting it).

Elsewhere in the briefing, the Commissioner argues that "the ALJ reasonably used inconsistencies regarding other specific findings to assign little weight to the entire opinion . . . finding that Dr. Sun's opinion was generally not credible . . ." Docket No. 26 at 12. The ALJ made no such finding and, instead, stated that he "***agrees with some of the assessed limitations*** by Dr. Sun, [but] ***parts*** of her statement are inconsistent and not adopted." A.R. 24 (emphasis added).

[8] To streamline proceedings on remand, the Court will address another argument. The ALJ discounted the opinion Dr. Ijeaku because, *inter alia*, it was based on Plaintiff's subjective complaints that were not credible. A.R. 22. That finding is supported by substantial evidence and is a proper reason for discounting a medical opinion. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).